UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KENNETH NICHOLSON,

                    Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

                    Defendants.

14 cv 2729 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

    Kenneth Nicholson ("Plaintiff") brings this action against defendants Anthony Annucci, Mark Royce, Patrick Griffin, John Frunzi, Ryan Southard, and Clive Waithe (collectively, "Defendants") for excessive use of force, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. Before the Court is the Defendants' motion to dismiss. Plaintiff has not submitted opposition to the Defendants' motion. For the following reasons, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

    The following facts are derived from the § 1983 Complaint filed by Plaintiff and the declaration of Jeffery Hale, Assistant Director of the Inmate Grievance Program at the New York State Department of Corrections and Community Supervision ("DOCS"), submitted by Defendants in support of their motion to dismiss.

    On February 22, 2014, at approximately 8:45 p.m., Plaintiff was returning from picking up his medication when he was allegedly assaulted by John Frunzi, Ryan Southard, and Clive Waithe (collectively, "Officers"). (Complaint, ECF No. 1, at 2.) Plaintiff had cleared the metal detectors but was nevertheless asked to put his hands on the wall so that the

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/12/2016

Officers could engage in a search. (*Id.* at 2.) Southard began to search the Plaintiff in a very rough manner. (*Id.*) When Plaintiff started to complain, defendant Waithe berated him, saying, "Shut the fuck up, you ain't [sic] so tough now that your [sic] not on the block," and defendant Southard squeezed Plaintiff's testicles until he cried out in pain. (*Id.*) Defendant Frunzi then told Plaintiff that Sullivan C.F. would not be like Elmira; that Plaintiff is not tough for filing lawsuits against Elmira; and that Plaintiff is a big cry baby. (*Id.*)

The Officers debated whether or not to "jump" Plaintiff or send him back to his cell, and defendant Waithe suggested that they send him back. (*Id.*) When Plaintiff began to move off the wall, defendant Southard put him back on the wall and grabbed his chest, saying "big old man boobs." (*Id.* at 3.) Defendants Frunzi and Waithe stood by and did nothing to intervene. (*Id.*) The next day, defendant Southard approached Plaintiff in his cell, made numerous threats, and stated that he should forget everything that happened the night before, because Southard could easily "find a shank" in his cell. (*Id.*)

Plaintiff fears for his safety following this incident. (*Id.*) Plaintiff additionally alleges that other prisoners were assaulted by defendants Southard and Frunzi. (*Id.* at 3, 7.)

Plaintiff filed a grievance regarding this incident with Sullivan C.F. and sent a copy to the Central Office Review Committee ("CORC") on February 23, 2014. (*Id.* at 6-7; Declaration of Jeffrey Hale, ECF No. 28, at 2.) There is no record of any appeal to the CORC from the resolution of this grievance. (Declaration of Jeffrey Hale, at 2.)

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[ ]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662) (internal quotation marks omitted). A plaintiff must provide "more than labels and conclusions" to show he is entitled to relief. *Twombly*, 550 U.S. at 555.

Where a Plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, automatic dismissal is not merited. In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000). As with all Rule 12(b)(6) motions, on an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* at 322. "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Accurate Grading Quality Assur., Inc. v. Thorpe,* No. 12 CIV. 1343 ALC, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).

## DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

Exhausting all remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Washington v. Chaboty*, No. 09 CIV. 9199 PGG, 2015 WL 1439348, at *6 (S.D.N.Y. Mar. 30, 2015) (quoting *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009)) (internal quotation marks and citations omitted). "[B]ecause 'it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion [,]' ... [t]he exhaustion inquiry ... requires that [the court] look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). A plaintiff must invoke all available administrative mechanisms, including appeals, "through the highest level for each claim." *Varela v. Demmon*, 491 F.Supp.2d 442, 447 (S.D.N.Y. 2007); *Veloz v. New York*, 339 F.Supp.2d 505, 514 (S.D.N.Y. 2004). The defendants bear the burden of demonstrating that Plaintiff's claim is not exhausted. *Key v. Toussaint*, 660 F.Supp.2d 518, 523 (S.D.N.Y. 2009).

A person detained or incarcerated at a DOCS facility must exhaust all of the steps of the DOC Inmate Grievance Resolution Program ("IGRP"). *See Robinson v. Henschel*, No. 10 Civ. 6212(PGG), 2014 WL 1257287, at *10 (S.D.N.Y. March 26, 2014) ("the PLRA requires complete exhaustion in accordance with the administrative procedures within [DOCS]") (internal quotation marks and citations omitted). The IGRP provides a three-tiered process for adjudicating inmate complaints: (1) the prisoner files a grievance with the IGRC, (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the CORC. *See Espinal*, 558 F.3d at 125 (citing N.Y. Comp. Codes R. & Regs., tit. 7, § 701.7 (1999)).

In the instant case, Plaintiff filed a grievance with the IGRP at Sullivan C.F. The Plaintiff has not alleged, and the CORC database does not contain, an appeal from the resolution of this grievance. Therefore, Plaintiff has not sufficiently alleged that he exhausted his administrative remedies, and the Court must dismiss the Complaint.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED, and the Plaintiff's complaint is dismissed without prejudice. The Court respectfully directs the Clerk to terminate the motion at ECF No. 27 and close the case.

Dated:   January 12, 2016
         White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge